WEEPING WATER ELECTRIC LIGHT CO. V. J. H.
HALDEMAN ET AL.

[FILED JULY 1, 1892.]

1. **Jurors:** MOTION TO QUASH PANEL: VERIFICATION. A motion
to quash the panel of jurors, because not drawn in proportion
to the number of electors of the several precincts of a county,
was verified by the attorney upon mere belief. *Held,* Not suffi-
cient to justify the court in quashing the panel.

2. ———: ———: WAIVER. After the jury was called into the box
the attorney who had filed objections to the panel waived all
objections to the jury, and also his peremptory challenges. *Held,*
A waiver of objections that the jury was not properly drawn.

3. **Review.** The verdict and judgment conformed to the proof, and
are affirmed.

ERROR to the district court for Cass county. Tried
below before CHAPMAN, J.

*H. D. Travis,* for plaintiff in error, cited : *Bohanan v.
State,* 15 Neb., 211; *Gardner v. Turner,* 9 Johns. [N. Y.],
261; *Price v. McComas,* 21 Neb., 195; *Grimes v. Cannell,*
23 Id., 187; *Cole v. Kerr,* 19 Id., 553; *Stonebraker v.
Ford,* 81 Id., 532; *Elder v. Miller,* 60 Me., 118; *Bank v.
Farrer,* 46 Id., 293; *Gray v. Currier,* 62 Ia., 535; *Tootle
v. Lyster,* 26 Kan., 589; *Golden v. Cockril,* 1 Id., 259;
*Ellis v. Martin,* 60 Ala., 394; *Bowers v. Andrews,* 52 Miss.,
596; *Winter. v. Landphere,* 42 Ia., 471; *Tindall v. Wasson,*
74 Ind., 496; *Beall v. White,* 94 U. S., 382; *Steavens v.
Pence,* 56 Ia., 257; *Argues v. Wasson,* 51 Cal., 620;
*Ludwig v. Kipp,* 20 Hun [N. Y.], 265; *Reed v. Carpenter,*
20 O., 88; *La. State Bank v. Senecal,* 13 La., 525; *Natl.
Bank v. Norton,* 1 Hill [N. Y.], 572; *Washington Bank
v. Lewis,* 22 Pick. [Mass.], 24; *Black v. Winterstein,* 6
Neb., 225.

*J. H. Haldeman, contra,* cited: *Clark v. Saline Co.,* 9 Neb., 522; Jones, Chat. Mort., sec. 65; *Peters v. Parsons,* 18 Neb., 191; *Jordan v. Bank,* 11 Id., 503.

MAXWELL, CH. J.

This is an action in replevin brought by the plaintiff against the defendants to recover the possession of "one dynamo, one exciter, one engine, two reostats, one volt meter, one ampere meter, one lightning arrester, six switches, one ground director, together with all wires, sockets, lamps, poles, cross-arms, insulators, cleats, copper brushes, and belts, and all attachments and regulating instruments whatsoever belonging to the Weeping Water Electric Light Plant." The property was taken possession of by the plaintiffs under the order of replevin, and on the trial of the cause the jury returned a verdict in favor of the Westinghouse Electric Company as follows: " We, the jury, duly impaneled and sworn in the above entitled cause, do find that at the commencement of this action the Westinghouse Electric Company, defendant, was entitled to the possession of the property in question, and we find the value of such possession to be the sum of $2,897.26; we further find and assess the said defendant's damages for the detention of said property in the sum of $——." A motion for a new trial having been overruled, judgment was entered in favor of the Westinghouse Electric Company for the possession of the property, or in case such property could not be returned, the value thereof, to-wit, the sum of $2,897.26 and costs, and the case as to Haldeman was dismissed.

The first error relied upon by the plaintiff is the overruling of the motion to quash the panel of petit jurors. The motion is as follows:

"Comes now the plaintiff, by its attorney, and objects to the panel of petit jurors drawn for the March term, 1891,

of the district court of Cass county, for the following reasons, to-wit :

"First—The panel was selected on the basis of the total vote of Cass county cast at the general election in 1889, which was 4,376, whereas the panel should have been selected on the basis of the general election of 1890, held in November of said year, the total of which vote was 5,145.   The following  table  shows  the  jurors  as  drawn and as they should have been drawn, which shows that the jurors are not  distributed  among  the  several  precincts as nearly as may be, as required by section 658 of Civil Procedure :

Vote of 1890...............................................4,376
Vote of 1891...............................................5,145

| Precinct. | Vote of 1890. | Jurors March Term, 1891. | Correct No. Jurors. | Errors. |
|---|---|---|---|---|
| Tipton .................................................... | 245 | 3 | 3 | ...... |
| Greenwood ............................................ | 195 | 3 | 2 | 1 |
| Salt Creek ............................................. | 237 | 3 | 3 | ...... |
| Stove Creek............................................. | 286 | 3 | 3 | ...... |
| Elmwood ................................................ | 221 | 2 | 3 | 1 |
| South Bend............................................. | 167 | 2 | 2 | ...... |
| Weeping Water Pr.................................... | 161 | 2 | 2 | ...... |
| Center .................................................. | 189 | 3 | 2 | 1 |
| Louisville ............................................. | 223 | 3 | 3 | ...... |
| Avoca .................................................... | 227 | 2 | 3 | 1 |
| Mt. Pleasant............................................ | 167 | 2 | 2 | ...... |
| Eight Mile Grove ................................... | 242 | 3 | 3 | ...... |
| Liberty .................................................. | 375 | 4 | 4 | ...... |
| Rock Bluffs............................................. | 318 | 3 | 4 | 1 |
| Plattsmouth Pr......................................... | 285 | 3 | 3 | ...... |
| W. W. City, 1st Wd................................. | 116 | 1 | 1 | ...... |
| W. W. City, 2d Wd.................................. | 126 | 1 | 1 | ...... |
| W. W. City, 3d Wd.................................. | 74 | 1 | 1 | ...... |
| Platts. City, 1st Wd................................. | 242 | 3 | 3 | ...... |
| Platts. City, 2d Wd................................. | 304 | 4 less 1 | 4 less 1 | ...... |
| Platts. City, 3d Wd................................. | 316 | 4 | 4 | ...... |
| Platts. City, 4th Wd................................ | 290 | 4 | 3 | 1 |
| Platts. City, 5th Wd................................ | 139 | 1 | 2 | 1 |
| | 5,145 | 61 | 67 | ...... |

"Second—One Maurice O'Rourke was called to fill a vacancy in regular panel caused by absence of regular juror; he having been a member of the regular panel within two years prior to this time and not eligible as a juror; and further, that the sheriff failed to summon C. O. Cole, of Plattsmouth precinct, through a mistake of the name, the name being S. O. Cole instead of C. O. Cole; that Plattsmouth precinct is not represented by the number of jurors to which it is entitled. The aforesaid panel does not constitute a legal jury within the meaning of the statute for the reasons aforesaid, and the plaintiff objects to going to trial at this time and moves to quash the panel.

"H. D. Travis,

"Att'y Pl'ff.

"State of Nebraska, }
    Cass County.   } ss.

"H. D. Travis, being first duly sworn, deposes and says that he is attorney for plaintiff in above entitled cause, and that the facts stated in the foregoing instrument are true, as he verily believes.          H. D. Travis."

" Subscribed in my presence and sworn to before me this 6th day of March, A. D. 1891.

"[SEAL.]          J. M. Lyda,

"Notary Public."

It will be observed that this motion is verified upon belief of the attorney. The Code permits ordinary pleadings to be verified upon information and belief. The object is to appeal to the conscience of the pleader and thereby obtain a truthful statement of the facts. When, however, the pleading is to be used as an affidavit as well as a pleading it must be verified positively. The evidence is not sufficient therefore to warrant the court in setting aside the panel of jurors.

Second—The evidence shows that the attorney of the plaintiff in error afterwards waived all objections for cause to the jurors called to try the case and also his peremptory

challenges.   This, in our view, is a waiver of challenge to the array, even if it had been properly made.

Third—The testimony shows that on the 3d day of December, 1889, J. P. Smith and J. H. Bellows executed a chattel mortgage upon the property in question for part of the purchase price of said property to the Westinghouse Electric Light Company; that no part of said debt was paid; that about that time the plaintiff company organized and claims to have purchased the property in question. It is sufficient to say that if it did so purchase it, it did so with knowledge of the Westinghouse claim and mortgage, and is in no sense an innocent purchaser.   The judgment is the only one that should be rendered upon the evidence and is

.AFFIRMED.

THE other judges concur.